KEITH MAURICE KILBUCK,

              Plaintiff,

  v.

GARY JONES, Superintendent, and FRU, Health Provider,

              Defendants.

Case No. 3:24-cv-00182-SLG

## ORDER OF DISMISSAL

On August 19, 2024, self-represented prisoner Keith Maurice Kilbuck ("Plaintiff") filed a prisoner's civil complaint, a civil cover sheet, an application to proceed without prepaying the filing fee, and a motion for court-appointed counsel.[1] On August 22, 2024, the Court issued a Standing Order for civil cases filed by self-represented prisoners.[2] On November 18, 2024, Plaintiff notified the Court that he was released from the physical custody of the Department of Corrections ("DOC") onto probation under the supervision of DOC's Division of Pretrial, Probation, and Parole.[3]

On March 6, 2025, the Court issue an Order Directing Service and Response ("ODSR").[4] The ODSR notified Plaintiff that the filing was deficient and

---

[1] Docket 1.

[2] Docket 6.

[3] Docket 7.

[4] Docket 8.

that he must either (1) pay the full filing fee or (2) file a completed Non-Prisoner Application to Waive the Filing Fee (Form PS11).[5] On March 14, 2025, the copy of the ODSR that the Court mailed to Plaintiff was returned as undeliverable.[6] To date, Plaintiff has not contacted the Court since his last filing was docketed on November 18, 2024.[7]

The Court's Standing Order explained that self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[8] The Standing Order also informed Plaintiff that the failure to keep a current address on file with the Court could result in dismissal of this case without further notice to Plaintiff.[9] When an order of the Court or other mail is returned to the Court as undeliverable, a party must update his contact information within 14 days of the date of that order, or the Court may dismiss the case for failure to prosecute.[10]

Plaintiff was informed of the Court's requirement to keep his contact

---

[5] Docket 6 at 4.

[6] Docket 9.

[7] Docket 7.

[8] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Alaska Local Civil Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[9] Docket 6 at 4-5. *See also* Alaska Local Civil Rules 11.1(b)(2) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

[10] *See* Alaska Local Civil Rule 11.1(b)(3) (allowing the Court to dismiss a case when a self-represented party fails to update their address and any orders or other mail is returned as undeliverable).

information current,[11] and he demonstrated his understanding by updating his address when he was released from custody.[12] However, it has been over one month since the ODSR was returned to the Court as undeliverable[13] and almost five months since Plaintiff filed his notice of change of address on November 18, 2024.[14] Additionally, because Plaintiff has not paid the Court's filing fee or filed a non-prisoner application to proceed without paying the filing fee, this case remains deficient.[15] Therefore, this case must be dismissed for failure to comply with a local rule,[16] failure to comply with an order of the Court,[17] and failure to prosecute.[18]

Before dismissing a complaint for failure to comply with an order or local rule, courts in the Ninth Circuit must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of

---

[11] Docket 6.

[12] Docket 7.

[13] Dockets 8-9.

[14] Docket 7.

[15] *See* Docket 6 at 5 ("If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11). Failure to comply may result in dismissal of this action.").

[16] *Thompson v. Housing Auth. of L.A.,* 782 F.2d 829, 831 (9th Cir. 1986).

[17] Federal Rule of Civil Procedure 41(b). *See also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

[18] See *Pagtalunan v. Galaza,* 291 F.3d 639, 642–43 (9th Cir.2002) (discussing the factors that courts must consider in determining whether to dismiss for failure to prosecute or failure to comply with a court order).

Case No. 3:24-cv-00182-SLG, *Kilbuck v. Jones, et al.*
Order of Dismissal
Page 3 of 4
Case 3:24-cv-00182-SLG     Document 10     Filed 04/15/25     Page 3 of 4

cases on their merits; and (5) the availability of less drastic alternatives.[19] Though not strictly required, it is "preferred" that a court "make explicit findings in order to show that it has considered these factors."[20] Having considered these factors, this case is dismissed without prejudice. Dismissal without prejudice "minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief."[21] The Court finds no other lesser sanction to be satisfactory or effective in this case.[22]

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. This dismissal does **NOT** count as a strike against Plaintiff.[23]

3. All pending motions are **DENIED AS MOOT.**

4. The Clerk of Court shall issue a final judgment.

DATED this 15th day of April 2025.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[19] See Ferdik, 963 F.2d at 1260–61 (first citing Thompson v. Housing Auth. of L.A., 782 F.2d 829, 831 (9th Cir. 1986); and then citing Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

[20] Id.

[21] Alli v. City and County of San Francisco, 2022 WL 3099222 (N.D. Cal. 2022) (internal citations omitted).

[22] See, e.g., Henderson, 779 F.2d at 1424 (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted); Gleason v. World Sav. Bank, FSB, 2013 WL 3927799, at *2 (N.D. Cal. 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).

[23] See 28 U.S.C.A. § 1915(g).

Case No. 3:24-cv-00182-SLG, Kilbuck v. Jones, et al.
Order of Dismissal
Page 4 of 4
Case 3:24-cv-00182-SLG    Document 10    Filed 04/15/25    Page 4 of 4